701 So.2d 952 (1997)
Danny P. and Mary G. THOMPSON
v.
STATE of Louisiana, et al.
Nos. 97-C-0293, 97-C-0302.
Supreme Court of Louisiana.
October 31, 1997.
Rehearing Denied December 12, 1997.
*954 Page McClendon, Ponchatoula, Mitchell & Mitchell, for Applicant in No. 97-C-0302.
J. Thomas Anderson, Hammond, William N. Faller, Baham & Faller, Hammond, Duncan S. Kemp, III, Amite, for Respondent in No. 97-C-0302.
J. Thomas Anderson, Hammond, William N. Faller, for Applicant in No. 97-C-0293.
Duncan S. Kemp, III, Amite, Page McClendon, Ponchatoula, Mitchell & Mitchell, for Respondent in No. 97-C-0293.
TRAYLOR, Justice.
These consolidated cases arise from an auto accident. After a lengthy trial, the district judge rendered a judgment against the state and in favor of Danny Thompson in the amount of $2,494,061.52 and in favor of his wife, Mary, in the amount of $31,500.00 and a separate judgment in favor of Michael Holland and against the state in the amount of $601,379.72.
The state appealed both judgments and the Thompsons answered the appeal. The court of appeal reversed the judgments, finding that DOTD was not liable. 94-2610 (La. App. 1st Cir. 4/23/96), 688 So.2d 9, 21. We granted plaintiffs' subsequent writ application.
Because we find that the plaintiff failed to prove that DOTD had actual or constructive notice as required by La.R.S. 9:2800, we now affirm.

Facts
The accident occurred on the afternoon of September 21, 1990 as Mr. Thompson and his passenger, Mr. Holland, were returning from work. As they drove north on Louisiana Highway 628 Thompson attempted to pass a vehicle driven by Richard Todd Morse. During the maneuver, Thompson's truck collided with the Morse vehicle.
The Morse vehicle left the road to the right but safely regained the pavement. Thompson's truck left the road to the left and struck two trees before careening back onto the road and again striking the Morse vehicle. Both Thompson and passenger Holland were seriously injured.
At the accident site, Highway 628 is a two lane state highway across federal lands which are part of the Bonnet Carré spillway. At this location and others, tree limbs extend out over the highway.
The plaintiffs contend, and the district judge found, that Thompson lost control when a tree limb hanging down into the southbound lane contacted his windshield. The district judge found that the right of way of Highway 628 is sixty (60) feet, thirty (30) feet on each side of the centerline, and that the hanging branch and both trees struck by the truck were within the right of way.[1]
The district judge found the state liable on both strict liability and negligence theories under La.Civ.Code art. 2317 and La.R.S. 9:2800. He concluded that the overhanging *955 limbs and trees within the right of way were defective conditions of which the state was aware. The district judge fixed the state's fault at 90% and that of Mr. Thompson at 10%.
The court of appeal found that the district court's fact findings had been so inundated by legal errors that a de novo review of the record was required. Additionally, the appellate court determined that the district judge's conclusion that the state had authority to trim trees or branches off of its right of way to be legal error. The appellate court also determined that the trial court's finding that the state had a duty to clear the highways of overhead objects which do not present a danger to be reversible error. In its de novo review, the appellate court found that the right of way of Highway 628 was only thirty (30) feet wide and that the state did not have custody of the trees involved in this accident. The court of appeal further found that the mere existence of living overhanging limbs was not a hazardous condition and that the state had no notice, actual or constructive, of the hanging limb struck by the Thompson truck. Based on its findings the court of appeal reversed the judgments against the state.
The plaintiffs now make several assignments of error through which they attack the standard of review employed by the court of appeal, its assessment of the state's lack of power to remove trees or limbs and the conclusions underpinning its finding of no liability by the state.

Law
In a tort action against the state through the Department of Transportation and Development, whether based on strict liability or negligence, the plaintiff must show: (1) the property which caused the damage was in the custody of the DOTD; (2) the property was defective because it had a condition that created an unreasonable risk of harm; (3) DOTD had actual or constructive notice of the risk; and (4) the defect in the property was a cause in fact of the plaintiff's injuries. Bessard v. State, Dept. of Transp. and Development, 94-0589 (La. 11/30/94), 645 So.2d 1134; R.S. 9:2800. The analysis under either theory is the same. Campbell v. Dep't of Transp. & Dev., 94-1052 (La. 1/17/95), 648 So.2d 898. Plaintiffs have the burden of proving all of the above factors, and thus the failure of any is fatal to the plaintiff's case.

Duty
In our discussion of the state's liability we will pretermit consideration of the matters of custody and causation and examine the issues of notice and defect.
The district judge found that the state had notice that tree limbs extended over Highway 628. This finding is fully supported by the record. However, the district judge did not find that the state had actual or constructive notice of the limb which was hanging down into the southbound lane and which the Thompson vehicle struck. Additionally, such a finding would not be supported by the record as it contains no evidence that the state had actual knowledge of the hanging limb and only one witness testified that he saw the hanging limb before the accident while other witnesses who had passed the scene that morning, at noon, and moments before the accident did not see the limb.[2] Furthermore, there is no evidence that the limb which contributed to this accident was noticeable or discoverable prior to the accident as a limb about to sag down into the lane of travel.
Therefore, given the trial court's finding that the state had notice of only the living limbs overhanging the road, the trial court determined the living limbs themselves to be a defect and he also found that the state has a duty to trim and remove all branches which extend over the highway. Under the trial court's ruling, in order to protect against the risk posed by this particular limb the state would have had to have removed all of the overhanging limbs.
*956 The duty imposed by the trial courtthat the state should remove all limbs which might fall on the roadis an incorrect application of the law. As the court of appeal pointed out, several objects go across or above our streets and highways. Aside from the tree limbs at issue, traffic signs and signals, power lines, bridges, lights, and more are all suspended above our streets and highways. Beyond the obviously prohibitive cost, it is unnecessary to remove all overhanging objects from every roadway because one may fall into the traffic. Insulated from the roadway by distance, these useful and scenic objects pose no hazard to the passing traffic.[3]
The state's actual duty with respect to Highway 628 was to keep the road and its shoulders in a reasonably safe condition. Campbell, 648 So.2d 898; Manasco v. Poplus, 530 So.2d 548, 549 (La.1988). The state is not the guarantor of the safety of motorists. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
The plaintiffs cite a number of cases which indicate the state has a duty to go beyond its right of way to remove or protect against dead trees which could fall onto the roadway. The DOTD has been held liable for its failure to discover and remove such trees, Grant v. Allstate Ins. Co., 96-1028 (La.App. 3d Cir. 6/4/97), 696 So.2d 275, or to remove such trees when discovered, Wilson v. State, Through Dept. of Highways, 364 So.2d 1313 (La.App. 3d Cir.1978).
In these cases the risk to be protected against is a tree falling onto a highway and obstructing it or striking a passing vehicle. The state's duty to protect against this risk is to inspect for dead trees and remove them within a reasonable time. The state is not required to inspect for all trees which could fall on the road and remove them simply because they have the potential to fall onto the road.
Similarly, the state's duty with respect to the limbs was to inspect them, as they inspect roadside trees, by looking for dead limbs or those which manifest some other indication that they are likely to fall into the roadway and to remove such limbs within a reasonable time. This court has rejected a finding of liability against the state where a dead tree which fell onto a highway was not discovered by the DOTD due to the presence of other trees which obscured the view of the dead tree and the presence of bark on the lower portion of the trunk. Lewis v. State Through Dept. of Transp. and Development, 94-2370 (La. 4/21/95), 654 So.2d 311.

De Novo Review
The district judge's apparent misunderstanding of the DOTD's duty was a legal error of such magnitude as to make a de novo redetermination of the facts appropriate.[4] "[W]hen the court of appeal finds that a reversible error of law ... was made in the trial court, it is required, whenever possible, to redetermine the facts de novo from the entire record and render a judgment on the merits." Ferrell v. Fireman's Fund Insurance Co., 94-1252 (La. 2/20/95), 650 So.2d 742, 745 (citing to Rosell v. ESCO, 549 So.2d 840 (La.1989)). Here the trial court committed reversible error of law, inter alia, by determining that the state had a duty to clear all overhanging obstructions within the highway's right of way. Therefore, the court of appeal's de novo review and subsequent judgment on the merits was appropriate.

No Breach of Duty
As previously discussed, in order to prevail, the plaintiff must show that DOTD failed to keep the road and its shoulders in a reasonably safe condition. Campbell, 648 So.2d 898; Manasco, 530 So.2d 548, and that *957 DOTD had actual or constructive notice of the risk. Bessard, 645 So.2d 1134; R.S. 9:2800.
At the accident scene, Highway 628 is straight and its speed limit is 45 miles per hour. The shoulder slopes away from the road and was maintained by occasional grass cutting. Beyond the shoulder area is a line of trees. The two trees actually struck by the Thompson truck were eleven and one-half feet and fourteen feet off the road. In view of the alignment of the highway and the posted speed limit, the existence of trees more than ten feet off of the road and the condition of the shoulder were not conditions which breached the state's duty to keep the road and shoulders in a reasonably safe condition.
As to notice, the DOTD did regularly inspect the highway and there is no evidence that the hanging limb could or should have been discovered before it actually protruded into the path of traffic in the southbound lane. The court of appeal correctly noted that there is absolutely no evidence in the record to indicate that the state had notice, actual or constructive, of the hanging limb which caused this accident. As earlier stated, DOTD had no duty to trim or remove all of the limbs which extended over Highway 628. Accordingly, the state is not liable due to the presence of limbs which extended over the highway nor is it liable, given the absence of notice, due to the presence of the hanging limb which plaintiffs struck. The state did not breach its duty.

Decree
For the foregoing reasons, we find that the State did not breach its duty and therefore the judgment of the court of appeal is AFFIRMED.
AFFIRMED.
CALOGERO, C.J., and LEMMON, J., dissent and assign reasons.
KIMBALL, J., dissents.
JOHNSON, J., concurs in result.
KNOLL, J., not on panel. Rule IV, Part 2, §3.
LEMMON, Justice, dissenting.
The record in this cases establishes that tall trucks frequently struck the tree limbs that were overhanging the highway, that limbs frequently were broken off in the trees and that broken limbs and vines often hung over the highway and were blown down by hard winds, that the Department knew of this situation (and perhaps even relied on the tall trucks to maintain vertical clearance), and that there was a hard wind blowing on the day of the accident. Furthermore, the trial judge accepted the testimony of the eyewitness that a limb from an overhanging tree struck plaintiff's vehicle and caused him to lose control and to strike other trees off the roadway. This evidence, viewed in the light most favorable to the party who prevailed before the trier-of-fact, provided sufficient support for the trial court's imposition of liability on the Department, based on findings that the overhanging limbs low enough to be struck by tall trucks constituted an unreasonably dangerous condition, that the Department knew of this dangerous condition, and that the Department failed to remedy this condition.
I accordingly dissent from the majority's decision affirming the judgment of the court of appeal which substituted that court's conclusions for the factual findings of the trial court that were supported in the record.
CALOGERO, Chief Justice, dissenting.
The district court received ample evidence to support the conclusion that the accident occurred as a result of Thompson's car striking a branch overhanging the roadway. The district court also correctly found that the State is liable for this dangerous condition under civil code article 2317 and revised statute 9:2800.
Upon review of the record, I do not believe the district court erred in their conclusionsmuch less that the determination of the district court was manifestly erroneous or clearly wrong.
*958 The Court of Appeal therefore erred in reversing the district court, and the majority here has perpetuated that error.
NOTES
[1] The existence of a hanging limb is hotly disputed by the state but we will assume it did exist for the purpose of our review.
[2] Indeed, Thompson himself passed that very spot earlier the same day and saw no limb protruding into the roadway. He was in the passing lane at the time of impact, which was the same lane he had been in when traveling in the opposite direction that morning.
[3] Conversely, where an object or hazard has entered the path of traffic or manifests some indication that it is likely to fall into the roadway, then DOTD will have a duty to remove such hazard providing it has notice.
[4] We also note that the district court appears to have made several significant errors in its factual findings. As noted by the court of appeal the district judge was apparently confused concerning the sequence of events relating to the state's efforts to obtain permission to build the highway. Also, in his reasons for judgment, the district judge referred to "Richard Todd Morris" as having traveled the road behind the plaintiffs. In reality Richard Todd Morse was driving the vehicle they were attempting to pass at the time of the accident.