885 So.2d 1166 (2004)
Felicia WILLIAMS
v.
SQUARE LEAGUE CORPORATION, INC., and the State of Louisiana, Through the Department of Transportation and Development
No. 2003 CA 1158.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
*1168 Lonny Guidroz, Maringoin, Antonio M. Clayton, Port Allen, for Appellee Felicia Williams.
John Ayres, III, Baton Rouge, for Appellant State of Louisiana (DOTD).
Panel composed of Judges FRANK FOIL, BRADY M. FITZSIMMONS and EDWARD J. GAIDRY.
FOIL, J.
In this appeal, the State of Louisiana, through the Department of Transportation and Development (DOTD), challenges a judgment of the trial court holding it 80% liable for damages sustained in a single car accident. For the reasons that follow, we reverse that judgment.

FACTS AND PROCEDURAL BACKGROUND
On June 26, 1999, plaintiff, Felicia Williams, was traveling north on La. Highway 77 between Plaquemine and Grosse Tete in Iberville Parish. Her five children were riding in the 1987 Toyota Corolla with her. Ms. Williams and her son Carl (who was riding in the front passenger seat) were injured[1] when the vehicle hit a tree that had fallen across the highway during a thunderstorm.
The parties stipulated that the tree in question was not located on DOTD's right of way but, rather, was located on property being managed by Schwing, Inc. DOTD had not received any prior complaints about the tree.
Plaintiff, individually and on behalf of her minor children, filed suit for damages against DOTD, Schwing, Inc. and its insurer, Scottsdale Insurance Company. Her husband, Gerald Williams, joined the suit as a plaintiff, seeking damages for loss of consortium. Plaintiffs later settled with Schwing and Scottsdale and they were dismissed with prejudice.
The suit against DOTD was heard in a one-day bench trial, after which the court took the matter under advisement. The trial court subsequently rendered judgment on December 30, 2002, finding DOTD to be 80% at fault and Schwing, Inc. to be 20% at fault in causing the accident. The court awarded the following damages: $50,000.00 to Ms. Williams, $50,000.00 to the son riding in the front passenger seat, $10,000.00 each to the four children who were riding in the backseat, and $10,000.00 to Mr. Williams, for a total damage award of $150,000.00. No reasons for judgment were given. This appeal by DOTD followed.

APPLICABLE LAW
When trees are outside the right-of-way, they are outside the ownership or "garde" of the entity charged with maintaining the highway. Accordingly, strict liability under Louisiana Civil Code article 2317 is inapplicable and simple negligence principles apply. Murphree v. Daigle, 02-1935 p. 3 (La.App. 1 Cir. 9/26/03), 857 So.2d 535, 537, writ denied, 03-2927 (La.1/9/04), 862 So.2d 990; See also La. Civ.Code art. 2317.1. Under those principles, to establish a breach of DOTD's duty to maintain safety for the motoring public, a plaintiff must show that a hazardous condition existed and that DOTD had actual or constructive knowledge of said condition, but failed to take corrective action within a reasonable time. Id."Constructive notice" in negligence cases exists when the defect or condition has existed for such a period of time that it would have been discovered and repaired had the public body exercised reasonable care. Id.
*1169 The ultimate determination of whether a condition creates an unreasonable risk of harm is subject to review on appeal under the manifest error standard. Under this standard, the trial court's findings are reversible only when there is no reasonable factual basis for the conclusions, or if they are clearly wrong. Id. at p. 4, 857 So.2d at 537. Similarly, the question of whether or not DOTD had actual or constructive notice of a hazardous condition creating a risk for motorists is a factual issue and is reviewed under the manifest error standard. Id. On the other hand, the existence of a duty is an issue of law that is determined by the trial court. On this issue, the inquiry is whether the plaintiff has any law  statutory, jurisprudential, or arising from general principles of fault  to support his claim. Id. at p. 4, 857 So.2d at 537-538.
It is well established that the state's duty with respect to its highways is to keep the roads and shoulders in a reasonably safe condition. The state is not, however, the guarantor of the safety of motorists. Thompson v. State, 97-0293, 97-0302, pp. 3-4 (La.10/31/97), 701 So.2d 952, 956. Noting that DOTD has been held liable in some cases for its failure to discover and remove dead trees beyond its right-of-way, the supreme court explained:
In these cases the risk to be protected against is a tree failing onto a highway and obstructing it or striking a passing vehicle. The state's duty to protect against this risk is to inspect for dead trees and remove them within a reasonable time. The state is not required to inspect for all trees which could fall on the road and remove them simply because they have the potential to fall onto the road.
Id. at p. 4, 701 So.2d at 956. The court further noted that it has rejected a finding of liability against the state where a dead tree that fell onto a highway was not discovered by DOTD due to the presence of other trees that obscured the view of the dead tree and the presence of bark on the lower portion of the trunk. Id.

DISCUSSION
In its first assignment of error, DOTD argues that the trial court erred in finding that the state had actual or constructive notice of a defect in the fallen tree. The court's determination of the notice issue was critical to a finding of liability in this case. After a thorough review, we conclude the court's finding on this issue is simply not supported by the record.
Thomas Quatrevingt, a parish supervisor for DOTD, testified that his responsibility included Highway 77 where the accident occurred. He stated that he inspected that highway at least once every two weeks for any problems that would endanger the roadway or right-of-way. He stated that he did not normally look for rotten trees, but if he saw a rotten tree near the right-of-way and it posed a danger of falling onto the road, he would report it to his supervisor.
Fred Jewel testified on behalf of the plaintiffs as an expert in forest entomology and pathology. He inspected the tree shortly after the accident in 1999. The tree was a water oak at least 75 years old. He looked at the stump where the fracture occurred and observed a considerable amount of rot. There were several large rotten cavities on the south side of the stump, approximately 4 feet up from the ground. The tree's roots were still planted firmly in the ground. Mr. Jewel opined that the tree probably had rot in it for at least 35 to 40 years. He could not say that any possible rotten cavities would have been visible from the roadside. He stated that the tree's canopy was probably compromised. It may not have had as many *1170 leaves as a healthy tree. It may have had as many branches, but some of the branches were probably dead.
Warren Peters testified on DOTD's behalf as an expert in forestry. Mr. Peters inspected the accident scene several years after the accident and also studied the photographs taken by the state police and Mr. Jewel. Because the trunk of the tree had been covered with vines, and the area where the trunk was located was quite shaded, Mr. Peters opined that it would have been very hard to see the tree trunk from the roadway. Mr. Peters examined one of the state police photographs, which shows a cross-section of the tree lying across plaintiff's vehicle, and noted the cross-section appeared "pretty healthy and solid." He opined that was an indication that, in all likelihood, the tree's canopy would have appeared healthy.
Based on our review of the record, we conclude that there is no reasonable factual basis in the record for a finding that DOTD had actual or constructive notice of the hazardous condition of the tree. There was absolutely no evidence that the tree laid across the highway for any length of time, such that in the exercise of reasonable care DOTD would have discovered and removed it. Rather, the evidence showed that the accident occurred in a heavy thunderstorm and the tree probably fell during the storm. Furthermore, there is no evidence that the tree was noticeable or discoverable prior to the accident as a rotten tree that was about to fall onto the highway. Rather, the evidence shows that DOTD regularly inspected the highway. The tree in question was not in plain view. It was not on DOTD's right-of-way, but was located some feet beyond the tree line behind dense foliage and growth. Although it obviously harbored a rotten cavity and its canopy was perhaps compromised, the outward appearance of its canopy in the photographs taken at the scene was healthy and green. The evidence further showed that the tree's trunk was covered by the growth of vines, probably obscuring its rotten cavity. There was simply no evidence in the record that the state had notice, actual or constructive, of the tree that caused this accident.

CONCLUSION
Based on the foregoing, we reverse the trial court's judgment holding DOTD to be 80% liable for plaintiffs' injuries. All costs of this appeal are assessed to plaintiffs.
REVERSED.
NOTES
[1] The other four children who were riding in the backseat were not seriously injured. They were treated and released the day of the accident from Riverwest Medical Center.