949 So.2d 560 (2007)
Robert CASKEY and Kathy Caskey, Plaintiffs-Appellants
v.
MERRICK CONSTRUCTION CO., INC. and the State of Louisiana, Through the Department of Transportation and Development, Defendants-Appellees.
No. 41,662-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
Rehearing Denied February 22, 2007.
*561 Johnson & Placke, by Allan L. Placke, West Monroe, for Appellants Robert Caskey and Kathy Caskey.
Bussey & Lauve, by Robert L. Bussey, Lewis O. Lauve, Jr., Alexandria, for Appellee State of Louisiana, DOTD.
Theus, Grisham, Davis & Leigh, by Phillip D. Myers, Brad A. Thompson, Monroe, for Appellee Merrick Construction Co., Inc.
Before STEWART, GASKINS and LOLLEY, JJ.
STEWART, J.
Robert and Kathy Caskey appeal the trial court's grant of summary judgment in favor of the Louisiana Department of Transportation and Development (DOTD) and Merrick Construction in this personal injury action. For the reasons that follow, we affirm the trial court.

FACTS
Robert Caskey was injured when his vehicle struck an oak tree that had fallen across LA Highway 4 West in the early morning hours of July 1, 2004. The oak tree was located on a construction servitude obtained by the DOTD from the landowner adjacent to the highway as a result of bridge work that was being performed in the area. DOTD had contracted with Merrick to perform the necessary work at the site of the accident. Photographs of the oak tree show that it had been damaged by heavy construction equipment prior to its fall. The last day of clearing work on the construction site occurred two weeks prior to the accident on June 14, 2004. At this time, the oak tree was clearly visible as all of the trees around it had been cleared and removed.
Gordon Thomas, the project manager employed by DOTD, testified that he was responsible for inspecting the construction site for defects and hazards. He would *562 drive through the construction site daily and conducted occasional walk through inspections. He stated that the inspections would have been more vigorous around the time of the accident because of the heavy traffic associated with the July 4th holiday. However, he conceded that the tree at issue appeared to have been damaged by contact with the heavy construction equipment. He also conceded that DOTD was aware that falling oak trees were a peculiar problem that needed to be addressed by the DOTD.
C. David McHughes, an expert forester, testified the conditions that contributed to the tree falling were caused by the DOTD and Merrick. He stated that the hazardous condition posed by the tree should have been clearly visible and apparent to both employees of DOTD and the construction company.
The trial court granted the defendants' motion for summary judgment finding that the DOTD satisfied its duty as a matter of law by inspecting for dead trees on the right of way that might fall on the roadway and removing them within a reasonable time based on the standard set forth in the Louisiana Supreme Court decision of Thompson v. State, 97-0293 (La.10/31/97), 701 So.2d 952. This appeal ensued.

DISCUSSION
Summary Judgment
Appellate courts conduct a de novo review of summary judgments under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Welch v. Technotrim, Inc., 34,355 (La.App. 2d Cir.1/24/01), 778 So.2d 728, writ denied, XXXX-XXXX (La.6/15/01), 793 So.2d 1232.
The burden of proof remains with the movant. La. C.C.P. art. 966(C)(2). However, when the moving party will not bear the burden of proof at trial on the matter before the court on summary judgment and points out an absence of factual support for one or more elements essential to the adverse party's claim, the non-moving party must produce factual support sufficient to show that he will be able to satisfy his evidentiary burden at trial. Otherwise, there is no genuine issue of material fact for trial, and summary judgment is appropriate. La. C.C.P. arts. 966 and 967; Welch, supra.
The DOTD contends that the Caskeys simply failed to demonstrate that it had knowledge of an unreasonably dangerous condition. Thus, it was entitled to summary judgment as a matter of law. We find that the trial court correctly applied the standard set forth in Thompson v. State, supra to the instant case and properly granted summary judgment. The Thompson court stated that:
The state's duty to protect against this risk is to inspect for dead trees and remove them within a reasonable time. The state is not required to inspect for all trees which could fall on the road and remove them simply because they have the potential to fall on the ground.
Id. at 955
There is no applicable distinction in the instant case. DOTD is not obligated to remove every tree that may have been damaged for whatever reason on the sole basis that it might have the potential to fall at some remote point in the future. This rule not only extends to trees possibly *563 damaged by construction equipment, but to trees that are located in wet areas. It is indisputable that the tree at issue was otherwise alive and healthy when it fell. In fact, there was no evidence that the tree was either dead or leaning when it fell. Moreover, the gouge marks in the tree, which were relied upon by the plaintiffs as the requisite "notice" that would trigger a duty of the DOTD to remove the tree, were on the backside of the tree and could not be seen from the highway. There is no duty requiring DOTD inspectors to walk around all sides of the tree and check it for damage, particularly when the tree is otherwise green and healthy. Lewis v. State, through DOTD, 94-2370 (La.4/21/95), 654 So.2d 311; Murphree v. Daigle, XXXX-XXXX (La.App. 1 Cir. 9/26/03), 857 So.2d 535.
Lastly, the case of Wilson v. State, 364 So.2d 1313 (La.App. 3d Cir.1978), writ denied, 366 So.2d 563 (La.1979) relied on by the plaintiffs is distinguishable from the facts at bar. In Wilson, a large pine tree had been partially blown over by bad weather and was extending out over the road. DOTD had been sent out along the highway to clean debris and trees blown down by the wind and rain. DOTD personnel discussed whether to cut down the particular tree, and a decision was made not to remove it. The Wilson court found that the tree did pose an imminent danger and that the DOTD had notice of the danger yet failed to address it.
In the instant case there is no such evidence of notice. Thus the trial court was correct in its grant of summary judgment as a matter of law.

CONCLUSION
Based on the above, we affirm the judgment of the trial court. Costs assessed to appellants.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, C.J., and STEWART, GASKINS, DREW and LOLLEY, JJ.
Rehearing denied.
BROWN, C.J., would grant rehearing.