STEWART, J.
I,The -State of Louisiana, through the Department of Transportation and Development (“DOTD”) appeals the trial court’s denial of its motion for summary judgment against Nathaniel Walker. For the reasons that follow, we reverse the trial court’s decision.
FACTS
Nathaniel Walker was a passenger in a vehicle being driven by Dannie Evans on June 16, 2000. As the vehicle was traveling on Louisiana Highway 71 in Winn Parish, a large oak tree fell on the vehicle, causing Walker to sustain permanent disabling injuries that resulted in quadriplegia.
On September 5, 2000, Walker filed suit against Dannie Evans, Allstate Insurance Company, and the State of Louisiana through DOTD. In his petition, Walker alleged that the oak tree that fell on the vehicle was on the highway right of way in violation of highway safety regulations, that DOTD had prior knowledge that the tree needed to be removed and that DOTD failed to inspect the right of way.
On February 5, 2007, DOTD filed a motion for summary judgment alleging that Walker will be unable to provide any facts in support of his allegation that DOTD “had prior knowledge that the tree needed to be removed.” In support of this motion, DOTD submitted the affidavit of Billy Ray Gorham, a DOTD maintenance superintendent who was alleged to have conducted an inspection of the area in question in the two weeks preceding the accident. DOTD also cited case law for the proposition that it owed no duty to motorists traveling on state highways to check all sides of trees which abut state roadways for damage.
ROn July 13, 2007, the trial court issued reasons for judgment denying DOTD’s motion for summary judgment. In its reasons the trial court summarized the circumstances as follows:
There is no genuine issue of material fact. A rottén tree in the state right of way fell across the roadway causing severe and permanent injury to plaintiff. Plaintiff has the burden of proof to prove actual or constructive notice of an unreasonable risk of harm, i.e. rotten tree. The tree which fell was rotten on the back side and its condition was not observable by an observation from the roadway looking on the right of way. It would only be observable from observation from the outside right of way line looking toward the roadway.
The trial court recognized this court’s holding in Caskey v. Merrick Const. Co., Inc., 41,662 (La.App. 2d Cir.1/24/07) 949 So.2d 560, at 563, that “[t]here is no duty requiring DOTD inspectors to walk around all sides of the tree and check it for damage, particularly when the tree is otherwise green and healthy.” However, the trial court then claimed a distinction existed between the present case and Caskey, supra, because the damage to the tree in the present case was a result of natural rot as opposed to. third-party operated construction equipment. The trial court stated that this distinction creates a greater duty on the part of DOTD and denied summary judgment on that basis.
*808 DOTD subsequently filed an application for a supervisory writ on August 24, 2007, seeking a reversal and ruling in favor of DOTD granting DOTD’s motion for summary judgment and dismissing DOTD from Walker’s claims with prejudice. DOTD’s writ application was granted and docketed for oral arguments on September 27, 2007.
I,¿DISCUSSION
Appellate courts review summary judgments de novo using the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, 2003-1146 (La.1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App. 2d Cir.1/25/06), 920 So.2d 355.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
L4In order to reverse the trial court’s decision, this court would have to find on de novo review that the record reveals no genuine issue of fact which precludes summary judgment as a matter of law.
To recover damages from DOTD, Walker must prove that (1) the public entity had ownership or control of the thing which caused damage; (2) the thing was defective in that it created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the defect and failed to take remedial procedures within a reasonable amount of time; and (4) causation. Sudduth v. State, Department of Transportation & Development, 619 So.2d 618 (La.App. 3 Cir.) writ denied, 629 So.2d 349 (La.1993); Valet v. City of Hammond, 577 So.2d 155 (La.App. 1 Cir.1991); La. R.S. 9:2800.
The issues of whether DOTD had control over the rotten oak tree, whether the rotten oak tree was defective, or whether the rotten oak tree caused Walker’s quadriplegia are not contested. Instead, the primary issue is whether DOTD had actual or constructive knowledge of the rotten oak tree. Proof of either actual or constructive knowledge is an essential element of Walker’s claim. If Walker fails to produce any evidence in support of this element, a summary judgment is mandated.
In the present case, the trial court denied the motion for summary judgment after stating that there was no genuine issue of material fact that the tree that fell was rotten on the backside and its condition was not observable from the roadway. Attempting to distinguish the case from *809 the jurisprudence suggesting that DOTD had not breached any duty in failing to | ¡^discover the defect, the court focused on the fact that the defect in the present case was the result of natural rot as opposed to third-party damage. In discussing its rationale, the trial court imposed a duty on the part of the DOTD to inspect the back side of trees for rot rather than knowingly opt not to do so on the basis that the risk of such localized rot is minimal.
The condition that caused the oak tree in question to fall was on the back side of the tree out of sight of DOTD. There is no genuine issue as to the location of the rotten area in question, or whether the rotten area in question was observable from the roadway. Additionally, the photographs taken at the accident scene reveal that the oak tree was otherwise healthy, containing a full canopy of green leaves.
The state’s duty to protect against the risk of a tree falling onto a highway or striking a passing vehicle was described in Thompson v. State, 97-0293 (La.10/31/97), 701 So.2d 952, as a duty to inspect “for dead trees and remove them within a reasonable time. The state is not required to inspect for all trees which could fall on the road and remove them simply because they have the potential to fall onto the road.”
Expanding upon that holding, this court in Caskey, supra, held that “there is no duty requiring DOTD inspectors to walk around all sides of the tree and check it for damage, particularly when the tree is otherwise green and healthy.” In Caskey, the plaintiff was injured when a tree damaged by construction work fell across the roadway.
Despite these clear statements of law regarding the State’s duty to inspect, the trial court in this matter imposed a more burdensome duty. This ^constitutes legal error. Jurisprudence has clearly established that there is no duty on the part of the DOTD to inspect all sides of a tree in search of defects which are not observable from the roadway. The trial court’s incorrect determination that a duty exists when the defect results from natural causes as opposed to artificial causes is a contradiction of the law on this issue.
CONCLUSION
Based on the above reasons, we reverse the trial court’s denial of DOTD’s motion for summary judgment. Summary judgment is granted in favor of DOTD, dismissing Walker’s claims against it. Costs assessed to Nathaniel Walker.
REVERSED.