# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### 2023 CA 0017

### JASON HEROD

### VERSUS

### STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT

*DATE OF JUDGMENT:* **AUG 2 4 2023**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 664042, SECTION 22

HONORABLE TIMOTHY E. KELLEY, JUDGE

* * * * * *

Brandon Brown
ReAzalia Z. Allen
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellant
Jason Herod

Jeff Landry
Attorney General
Baton Rouge, Louisiana

Jeannie C. Prudhomme
Assistant Attorney General
Lafayette, Louisiana

Counsel for Defendant-Appellee
State of Louisiana, through the
Department of Transportation and
Development

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Chutz J., dissents with reasons.

by CHH

**HESTER, J.**

Plaintiff-appellant, Jason Herod, appeals the dismissal of his personal injury suit against defendant-appellee, the State of Louisiana through the Department of Transportation and Development (DOTD), on a motion for summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2017, plaintiff was driving his pickup truck on Old Hammond Highway (La. Hwy. 426) when a water oak tree, which was approximately 90 feet tall and 4 feet in diameter, suddenly fell across the roadway and landed partially on top of his truck. Plaintiff sustained personal injuries and was pinned inside the truck for several hours before being rescued.

The center of the tree apparently was rotten. Before it fell, the subject tree was located on private property commonly known as "Little Misery Cemetery," which is situated adjacent to the highway right-of-way. Specifically, the tree was located on an incline 41.9 feet from the centerline of the highway and 6.7 feet from the outer edge of the right-of-way, although it was leaning partially over the right-of-way and possibly over the highway.

On December 5, 2017, plaintiff filed a suit for damages against DOTD. Plaintiff alleged DOTD had actual and/or constructive knowledge of the hazard presented by the dead or dying tree but failed to remove it or take any action to warn motorists of the hazard within a reasonable time. After answering the suit, DOTD filed a motion for summary judgment. DOTD argued plaintiff's claims against it should be dismissed because DOTD did not own the subject tree or possess actual and/or constructive notice that it contained a dangerous defect at the time it fell onto the highway.

Following a hearing, the district court granted DOTD's motion for summary judgment after concluding there was no genuine issue of material fact that DOTD

2

lacked ownership, custody, and control of the tree and, moreover, lacked both actual notice and constructive notice that it constituted a dangerous defect. On October 5, 2022, the district court signed a judgment dismissing plaintiff's claims against DOTD with prejudice. Plaintiff now appeals.

## ASSIGNMENTS OF ERROR

1. The district court erred in finding there was no issue of fact that DOTD lacked actual or constructive knowledge of the defective condition of the tree that fell on plaintiff's truck.

2. The district court erred in finding DOTD acted reasonably under the circumstances to discover any defects in the subject tree and the trees surrounding it in order to ensure public safety.

## SUMMARY JUDGMENT LAW

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents filed for purposes of the motion for summary judgment show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3) & (4). On appeal, appellate courts review the granting or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. **Ritchey v. State Farm Mutual Automobile Insurance Company**, 2017-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 275.

In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. All doubts should be resolved in the non-moving party's favor. **Ritchey**, 228 So.3d at 275.

The burden of proof rests with the mover. La. Code Civ. P. art. 966(D)(1). But if the moving party will not bear the burden of proof at trial on the issue before

3

the court on the motion, the moving party's burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. Code Civ. P. arts. 966(D)(1) & 967(B); **Succession of Abram**, 2022-0639 (La. App. 1st Cir. 1/10/23), 2023 WL 142388, at *2 (unpublished), writ not considered, 2023-00318 (La. 4/25/23), 359 So.3d 983.

## DISCUSSION

Plaintiff argues the district court erred in determining there is no genuine issue of fact that DOTD lacked actual or constructive notice the subject tree presented a hazard to motorists. Plaintiff maintains there were easily discoverable signs months before the tree fell, including the leaning of the tree and the growth of lichens on its trunk, indicating the tree contained a dangerous defect and was in danger of falling onto the highway. Under these circumstances, plaintiff contends DOTD's failure to take action to either remove the tree or warn the public was unreasonable.

DOTD is neither a guarantor of the safety of the motoring public under every circumstance nor the insurer for all injuries or damages resulting from any risk posed by defects in the roadway. The primary duty of DOTD is to continually maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence. La. R.S. 48:21(A); **Young v. Department of Transportation & Development**, 2020-0526 (La. App. 1st Cir. 12/30/20), 318 So.3d 887, 895. This includes the duty to look for situations where a condition off of the right-of-way may endanger the safety of motorists. **Irion v. State ex rel. Department of Transportation & Development**, 98-2616 (La. App. 1st Cir. 5/12/00), 760 So.2d 1220, 1228, writ denied, 00-2365 (La. 11/13/00), 773 So.2d 727. DOTD cannot

4

knowingly allow a condition to exist that is a hazard to a reasonably prudent driver, but must take reasonable measures to eliminate or reduce the risks associated with the dangerous condition or to warn the public of the danger, risk, or hazard involved. **Young**, 318 So.3d at 895.

When trees are located outside the right-of-way of a state highway, they are outside the ownership or "garde" of the state. Accordingly, when a motorist is injured by a tree falling onto a state highway from private property, strict liability under La. Civ. Code art. 2317 is inapplicable and simple negligence principles apply. See also La. Civ. Code art. 2317.1. Under those principles, to establish a breach of DOTD's duty to maintain safety for the motoring public, a plaintiff must show a hazardous condition existed and DOTD had actual or constructive knowledge of said condition, but failed to take corrective action within a reasonable time. **Murphree v. Daigle**, 2002-1935 (La. App. 1st Cir. 9/26/03), 857 So.2d 535, 537, writ denied, 2003-2927 (La. 1/9/04), 862 So.2d 990. Essentially, DOTD's duty in that circumstance is to inspect for dead trees or dead limbs "or those which manifest some other indication that they are likely to fall into the roadway" and remove them within a reasonable time. **Thompson v. State**, 97-0293 (La. 10/31/97), 701 So.2d 952, 956; **Murphre***e*, 857 So.2d at 539.

No person shall have a cause of action based solely upon liability imposed under La. Civ. Code art. 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. "Constructive notice" is defined as "the existence of facts which infer actual knowledge." La. R.S. 9:2800(D). Constructive notice may be shown by facts demonstrating that the defect or condition has existed for such a period of time that it would have been discovered and repaired had the public body

5

exercised reasonable care. Thus, a public entity is considered to have constructive notice if it should have known of a defective condition. While DOTD cannot be imputed with knowledge of every defect on its roadways and shoulders, neither can DOTD escape liability by negligently failing to discover that which is easily discoverable. **Greene v. Succession of Alvarado**, 2015-1960 (La. App. 1st Cir. 12/27/16), 210 So.3d 321, 334.

Generally, DOTD's duty to inspect for hazards along state highways is fulfilled by a routine drive-by inspection and does not require an on-the-ground close-up inspection of trees. See **Murphee**, 857 So.2d at 539-41; see also **Lewis v. State Through Department of Transportation & Development**, 94-2370 (La. 4/21/95), 654 So.2d 311, 314 (the "under the tree" method is not the only manner to discover a dead tree). Nevertheless, when a tree presents obvious warning signs that it may present a hazard to motorists, DOTD cannot ignore the signs and escape liability by negligently failing to discover what would have been easily discoverable by closer inspection. See **Greene**, 210 So.3d at 334. Under such circumstances, DOTD may be charged with having constructive knowledge of the hazard. See **Greer v. State ex rel. Department of Transportation & Development**, 2006-417 (La. App. 3d Cir. 10/4/06), 941 So.2d 141, 147, writ denied, 2006-2650 (La. 1/8/07), 948 So.2d 128 (DOTD was found to have actual or constructive notice when a fallen tree had displayed signs of deterioration).

In this case, DOTD based its motion for summary judgment on the grounds that: (1) it lacked ownership, custody, or garde of the tree since it was located on private property before falling; and (2) it lacked either actual or constructive notice that the tree presented a hazard to motorists. In support of its motion, DOTD presented unrefuted evidence establishing the tree was located on private property 6.7 feet from the highway right-of-way. Therefore, DOTD established it could not

be held liable under strict liability principles pursuant to La. Civ. Code arts. 2317 and 2317.1.

Nevertheless, DOTD could be liable to plaintiff under La. Civ. Code art. 2315 negligence principles for breaching its duty to maintain the public roadways in a reasonably safe condition if it had actual and/or constructive notice that the subject tree presented a hazard to motorists and failed to act to correct the situation within a reasonable time. As noted, DOTD's general duty includes a duty to inspect for dead trees or those giving indications that they are likely to fall into the roadway and to remove them within a reasonable time. See **Thompson**, 701 So.2d at 956; **Murphree**, 857 So.2d at 539. Thus, the primary issue herein is whether DOTD had actual or constructive knowledge the subject tree presented a hazard of falling onto the highway.

Regarding this issue, DOTD presented evidence that one of its employees conducted biweekly inspections of Old Hammond Highway by driving its length looking for hazards, including trees showing signs of death or decay that would pose a threat to the safety of motorists. The employee then noted any apparent hazards or dangerous conditions that needed attention on a road condition assessment form. Conrad Monroe, the DOTD employee who conducted the last such inspection prior to plaintiff's March 24, 2017 accident, made no notation on the form regarding the subject tree. In his affidavit, he stated he "did not observe any apparent hazard or defect, or decay concerning the branches of the subject tree and/or the subject tree itself" during his March 6, 2017 bi-weekly inspection.

To further establish it lacked actual or constructive notice of the hazard presented by the subject tree, DOTD presented the affidavit of Robert Thibodeaux, an expert urban forester and certified arborist, who stated the canopy (a tree's branches and leaves) of water oak trees will display "a healthy outward appearance" even if the tree is rotting or decaying internally. From his examination of Google

7

Earth imagery from October 2016 (approximately six months before the accident), he opined that the subject tree exhibited a healthy appearance at that time. Further, after reviewing a video taken by a news crew at the time of the accident, Thibodeaux was of the opinion that the tree's leaves remained green and healthy looking.

In opposition, plaintiff presented the deposition of its expert forester, Louis Heaton, III. His examination of the stump of the subject tree in August 2018, revealed a hole at the base of the tree and lichens growing all the way around it. He opined that these conditions were signs of a rotting or unhealthy tree. He believed it was possible these conditions were visible from the roadway. Given the extent of rot inside the tree, Heaton did not believe the lichens began growing only after the tree fell. Similarly, he believed the hole in the tree had existed for several years.

Additionally, after examining the tree's canopy in the October 2016 Google Earth imagery, Heaton reached a different conclusion than DOTD's expert did regarding the tree's condition. Although he acknowledged there were green leaves in the images, he also pointed out areas of dieback at the top of the tree. Heaton described dieback as "limbs that, basically, don't have any leaves at all on them ... they are obviously dead ... [t]he bark, the limbs, the little, tiny branches all indicate ... the tree is not coming back." Another concern noted by Heaton was the tree's location on the edge of a three to four-foot embankment or steep incline from which it was leaning over the right-of-way and the highway. According to Heaton, the presence of signs that the tree might be unhealthy, including lichens growing on the tree's trunk and the dieback on the top of the tree, should have warranted further investigation by DOTD to determine whether the tree needed to be removed.

Based on our review of the record, the evidence presented does not create a genuine issue of material fact regarding DOTD's actual or constructive notice of the hazardous condition of the tree. DOTD presented evidence that it had its employees conduct routine, biweekly inspections along Old Hammond Highway for the specific

purpose of inspecting trees for signs of decay. Additionally, the employee who conducted the last inspection, less than 20 days before the accident, observed no apparent defect, hazard, or decay, concerning the subject tree. DOTD also provided an expert who testified the outward appearance of the subject tree appeared healthy with green foliage.

In response, plaintiffs provided an expert who examined the subject tree nearly 18 months after the accident and pointed out certain signs of decay. However, plaintiff's expert concluded only that it was possible that the signs of decay could be seen from the highway and acknowledged that the Google Earth image showed green foliage. There is no duty requiring DOTD inspectors to walk around all sides of the tree and examine it for decay, especially when the tree appears otherwise green and healthy. See **Murphree**, 857 So.2d at 541. This court has previously rejected imposing a higher degree of duty on DOTD than is reasonable or has been required by the supreme court. Specifically, this court determined that it would be unreasonable to require DOTD to conduct a walking, on-the-ground inspection of every mature water oak along every Louisiana state highway if there were any branches located where they could fall onto the highway, even if those trees were not within the right-of-way. **Murphree**, 857 So.2d at 541. To discover the signs of decay discussed by plaintiff's expert would have required a much closer inspection by DOTD than is required for DOTD to meet its duty to inspect. As the summary judgment evidence revealed that the inspection method used by DOTD conformed to what is legally and reasonably required, we find no genuine issue of material fact remained regarding whether DOTD had actual or constructive knowledge that the subject tree constituted a safety hazard to a motorist.

## CONCLUSION

For the foregoing reasons, the summary judgment granted by the district court dismissing, with prejudice, all claims of plaintiff, Jason Herod, against defendant,

9

the State of Louisiana through the Department of Transportations and Development, is affirmed.  All costs of the appeal are assessed to Jason Herod.

**AFFIRMED.**

| JASON HEROD | FIRST CIRCUIT |
|---|---|

JASON HEROD

VERSUS

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF
DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

NO. 2023 CA 0017



CHUTZ, J., dissenting.

I disagree with the majority's conclusion that no genuine issue of material fact regarding constructive notice exists in this matter. The parties presented conflicting evidence from their respective experts as to whether DOTD had constructive notice that the subject tree constituted a hazard to the safety of motorists traveling on Old Hammond Highway. While DOTD's expert was of the opinion that the tree appeared green and healthy-looking, plaintiff's expert believed the tree exhibited signs it might be unhealthy that were observable and should have led DOTD to investigate further, particularly in view of the fact that the 90-foot-tall, 4-foot-wide tree was located on the edge of an embankment and leaning toward the roadway. See *Wells v. Town of Delhi*, 51,222 (La. App. 2d Cir. 4/5/17), 216 So.3d 1095, 1100, writ denied, 17-0753 (La. 9/22/17), 227 So.3d 821 (affidavit of forestry expert created genuine issue of fact regarding whether the defendant knew, or in the exercise of reasonable care, should have known of the defect in the tree that caused injuries). Courts may not weigh conflicting evidence in ruling on a motion for summary judgment. *Ritchey v. State Farm Mutual Automobile Insurance Company*, 17-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 275. Accordingly, I believe summary judgment was precluded by the existence of a genuine issue of matter fact and respectfully dissent from the majority opinion.

1