## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1002

ZACHARY McCORMICK

VERSUS

ABC INSURANCE COMPANY, TYLER M. SMITH, XYZ
INSURANCE COMPANY, ET AL.

*DATE OF JUDGMENT:* **APR 1 7 2024**

ON APPEAL FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF LIVINGSTON, STATE OF LOUISIANA
NUMBER 174347, DIVISION A

HONORABLE JEFFREY S. JOHNSON, JUDGE

\* \* \* \* \* \*

Jon M. Yeager
Anthony V. Lanasa, Jr.
Mark G. Tauzier
Metairie, Louisiana

Michael K. Melucci
Melissa M. Ha
Hammond, Louisiana

William H. Eckert
Daniel G. Collarini
Nora E. Chapkovich
New Orleans, Louisiana

Michael J. Tarleton
Canton, Mississippi

William R. Pipes
Blaine T. Aydell
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellant
Zachary McCormick

Counsel for Defendant-Appellee
Nicholas Wyatt Crawford

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: AFFIRMED.

**Chutz, J.**

Appellant, Zachary McCormick (plaintiff), appeals a summary judgment dismissing his claims against defendant, Nicholas Wyatt Crawford (defendant), for damages he sustained from a battery committed by a third person while he was on defendant's property. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff and defendant were friends as a result of plaintiff's long-term friendships with defendant's son, Alex, and daughter, Ambria. Plaintiff and Ambria dated each other on and off. Ambria also was involved at one time in a romantic relationship with Tyler Smith (Smith), who was the father of her son. Although plaintiff and Smith previously were friends, their relationship became acrimonious after plaintiff began dating Ambria. On two occasions prior to the incident in question, defendant intervened to prevent a physical confrontation between plaintiff and Smith when they encountered each other either on or departing from defendant's property.

On July 3, 2021, plaintiff was an invited guest at a seafood boil being held at a camp owned by defendant in Killian, Louisiana. Plaintiff was outside on a deck assisting defendant when he suddenly heard Ambria, who apparently had just arrived, shout a warning to watch out. Plaintiff looked up and turned around to see Smith about an arm's length coming toward him swinging. After a few blows were exchanged, Smith maneuvered plaintiff into a chokehold. They then both fell over backward from the deck to the ground, a distance of approximately nine inches, with Smith still holding plaintiff in a chokehold. The entire altercation occurred in a matter of seconds. Plaintiff sustained serious injuries from the attack, including a broken neck, which caused him to suffer temporary, partial paralysis. Smith subsequently pled no contest to a charge of second-degree battery.

3

On June 9, 2022, plaintiff filed a petition for damages against defendant and several other parties.[1] Plaintiff alleged defendant was negligent in failing to warn of and/or safeguard plaintiff against the foreseeable risk of harm from an attack by Smith and failing to discover and safeguard plaintiff by installing a rail on the deck to prevent the reasonably foreseeable risk of a fall therefrom. Defendant subsequently filed a motion for summary judgment on the grounds he owed no duty to plaintiff to protect him against an unforeseeable intentional criminal act by a third-party and of which there was insufficient time to warn plaintiff. Defendant asserted it was not reasonably foreseeable that Smith would appear at his camp while plaintiff was there and assault him. Additionally, defendant alleged the lack of a railing did not make the deck unreasonably dangerous and was not a cause-in-fact of plaintiff's injuries. He pointed out the actual cause of plaintiff's fall was Smith's assault rather than the lack of a railing on the deck. Defendant further noted a railing was not required by the International Residential Code (IRC), which is incorporated into the Louisiana Administrative Code, since the deck was less than 30 inches above ground. See 17 LAC § 107; IRC § 312.1.1.

Following a hearing, the district court granted defendant's motion for summary judgment and dismissed plaintiff's claims against defendant with prejudice, reserving plaintiff's rights as to any other parties. The district court concluded there was no genuine issue of fact that defendant did not invite Smith to his camp on the date of the incident and it was not reasonably foreseeable that Smith would arrive at the camp on that particular date and attack plaintiff. Plaintiff now appeals.

---

[1] Plaintiff also named Smith, ABC Insurance Company (Smith's alleged insurer), and XYZ Insurance Company (Crawford's alleged insurer) as defendants in this matter. However, the summary judgment now before us was granted pursuant to a motion for summary judgment filed only on defendant's behalf. The other named defendants are not referenced in the summary judgment and are not parties to this appeal.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for summary judgment show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). *Ritchey v. State Farm Mutual Automotive Insurance Company*, 17-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 275. The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). But if the moving party will not bear the burden of proof at trial on the issue before the court on the motion, the moving party's burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. arts. 966(D)(1); *Yates v. Our Lady of the Angels Hospital, Inc.*, 19-0661 (La. App. 1st Cir. 2/20/20), 2020 WL 862167, at *2 (unpublished).

In ruling on a motion for summary judgment, the district court's role is not to make credibility determinations, evaluate the weight of the evidence or determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in favor of the non-moving party. *Lambert Gravel Company, Inc. v. Parish of West Feliciana*, 15-1225 (La. App. 1st Cir. 9/20/16), 234 So.3d 889, 896. On appeal, appellate courts review the grant or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. *Ritchey*, 228 So.3d at 275.

## DISCUSSION

Plaintiff argues the district court legally erred in making factual findings despite conflicting evidence and in making assumptions and drawing inferences in

5

favor of defendant. Plaintiff further maintains it was legally inconsistent for the district court to grant summary judgment in light of defendant's failure to warn him of the danger on his property when the court found "operative facts present" that triggered a duty to warn.

A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, which is a question of law. *Blackledge v. Font*, 06-1092 (La. App. 1st Cir. 3/23/07), 960 So.2d 99, 103. Absent a duty owed to the plaintiff, there is no liability. See *Blackledge*, 960 So.2d at 102.

Under Louisiana jurisprudence, a homeowner is not an insurer of the safety of persons lawfully on the premises. In general, the duty owed by a homeowner to a social guest is to avoid reasonably foreseeable danger to the guest and to keep the premises safe from hidden dangers in the nature of traps or pitfalls. *Blackledge*, 960 So.2d at 103. Further, a homeowner generally has no duty to protect others from the unanticipated or unforeseeable criminal acts of third persons. Only when the homeowner has knowledge or can be imputed with knowledge of a third person's intended criminal conduct, and which is within the power of the homeowner to protect against, does such a duty toward a guest arise. Thus, before a duty can be imposed on the landowner, it must be determined whether the criminal act in question was reasonably foreseeable. *Blackledge*, 960 So.2d at 103.

In this case, plaintiff argues defendant had a duty to warn him he had invited Smith to his camp because it was reasonably foreseeable Smith would attack him given their acrimonious relationship and the prior confrontations occurring between them in defendant's presence. While defendant admitted he did not warn plaintiff Smith might be at the camp on July 3, he denied either inviting Smith to the camp or having any knowledge he would come to the camp on that date. In opposition, plaintiff presented Smith's denial of a discovery request for admission that he was

6

not invited to defendant's camp, which was denied by Smith.[2] Additionally, in his deposition, Smith described a phone conversation he had with defendant a few days before the incident during which he asked defendant when he wanted Smith to bring his flatboat to the camp. According to plaintiff, these exhibits created a genuine issue of material fact regarding whether Smith was invited to the camp on the day of the incident since defendant denied both inviting Smith to the camp or discussing Smith bringing his boat there during their phone conversation.

Based on our *de novo* review, we find there is no genuine of fact that Smith was not invited by defendant to his camp for July 3. As noted, defendant specifically denied inviting Smith to the camp. In his deposition, Smith testified that prior to the incident, he considered himself to have an "open invitation" to visit defendant's camp, and defendant did not tell him he was unwelcome there until after the incident. Nevertheless, he admitted he was "not directly" invited to be at the camp for July 3, defendant did not know he was coming that day, and he just showed up at the camp unannounced not knowing if defendant was even there. As to his alleged discussion with defendant about bringing his flatboat to the camp, which defendant denied, Smith testified no particular time was agreed upon for him to do so. Thus, even if a discussion about Smith bringing the flatboat to the camp did occur, there was no reasonable basis for defendant to anticipate Smith would bring the flatboat to the camp specifically on July 3. In fact, Smith admitted he did not even know if defendant was at the camp on July 3, and he did not bring the flatboat with him to

---

[2] Plaintiff also attached to his opposition memorandum a police report in which it was noted Smith stated he was invited to defendant's camp. Defendant objected to the police report in his reply memorandum, arguing the unauthenticated police report was not competent summary judgment evidence, and the district court sustained the objection. A police report that is not accompanied by an affidavit or a deposition of the officer is not considered competent evidence in a summary judgment proceeding. La. C.C.P. art. 967; *Carias v. Loren*, 14-0655 (La. App. 1st Cir. 3/9/15), 2015 WL 1019481, at *4 (unpublished), writ denied, 15-0879 (La. 8/28/15), 176 So.3d 402; *Lewis v. Jabbar*, 08-1051 (La. App. 1st Cir. 1/12/09), 5 So.3d 250, 254-55. Because the police report was not authenticated or sworn to by affidavit or deposition of the officer and was timely objected to by defendant, it lacks any evidentiary value in creating a genuine issue of material fact herein. *Lewis*, 5 So.3d at 254-55.

7

the camp. This evidence contradicts plaintiff's claim that Smith was invited to the camp, as well as the suggestion that arrangements had been made for him to bring his flatboat to the camp at a specific time or date, particularly sometime over the July 4 weekend. Moreover, Smith's testimony indicating that before the incident he believed he had an "open invitation" to the camp explained and was consistent with his denial of the discovery request that he admit he was not invited to the camp on July 3.

Considering the evidence presented, we agree with the district court there is no genuine issue of fact that it was not reasonably foreseeable Smith would arrive at the camp uninvited on July 3 while plaintiff was there. A homeowner has no duty to protect a guest against unforeseeable criminal acts by a third party. *Blackledge*, 960 So.2d at 103. Therefore, because defendant did not invite Smith to the camp and it was not reasonably foreseeable he would arrive there unannounced on July 3, defendant had no duty to warn plaintiff there was a possibility Smith might come to the camp on July 3. In the absence of the breach of a duty owed to plaintiff, defendant cannot be held liable for plaintiff's injuries. See *Blackledge*, 960 So.2d at 102.

Further, we find no merit in plaintiff's contention that genuine issues of fact exist as to whether defendant breached his duty of care by failing to warn him of the impeding attack once Smith arrived at the camp and in failing to prevent the attack. The deposition testimony of plaintiff, defendant, and Smith are all consistent in indicating the attack occurred almost immediately upon Smith's arrival and so quickly that defendant had no time to warn plaintiff once he became aware of Smith's arrival.

In his deposition, Smith testified defendant did not have time to tell him to leave the camp before the "confrontation" with plaintiff because he was at the camp only seconds before it occurred. Defendant testified he first saw Smith when

8

plaintiff "hollered," after which he saw Smith moving toward plaintiff. He indicated he had no time to warn plaintiff or to intervene because it was all over in three or four seconds. Plaintiff offered no evidence refuting defendant's testimony and admitted he had "no idea" how much time elapsed between defendant first seeing Smith and the attack on plaintiff. According to plaintiff, however, Smith attacked him only a "split second" after he looked up and first saw Smith. Therefore, at most, only seconds could have elapsed between when defendant heard plaintiff shout out and Smith's attack on plaintiff. The evidence presented clearly established there was insufficient time for defendant to have warned plaintiff of the impeding attack or to have intervened or prevented the attack, even if he had a duty to do so.

Based on our *de novo* review, we find defendant established a lack of factual support for an essential element of plaintiff's negligence claims, which is that defendant had a duty to warn of or protect plaintiff from the criminal attack committed by Smith. Because plaintiff thereafter failed to produce factual evidence sufficient to establish the existence of a genuine issue of material fact regarding this issue, the district court properly granted summary judgment in favor of defendant.[3] See La. C.C.P. art. 966(D)(1).

## CONCLUSION

For these reasons, the May 23, 2023 judgment of the district court dismissing the claims of plaintiff, Zachary McCormick, against defendant, Nicholas Wyatt

---

[3] In his petition for damages, plaintiff alleged defendant was also at fault because the lack of rails on the camp's deck created an unreasonably dangerous condition. On appeal, however, plaintiff has raised no issue regarding the dismissal of this particular claim. Regardless, in support of his motion for summary judgment, defendant presented excerpts from plaintiff's deposition in which he acknowledged he was unaware of anything wrong with the deck and a photograph showing the deck was only nine inches above ground. Defendant maintained there was no requirement for rails on a deck less than thirty inches above grounds and, moreover, the risk of a guest being injured by being dragged off a deck during a criminal battery while in a chokehold was not a risk within the scope of any duty requiring rails on a deck. See 17 LAC § 107; IRC § 312.1.1. In opposition, plaintiff failed to present any evidence showing the lack of rails in this case constituted an unreasonably dangerous condition or was a cause of his injuries.

9

Crawford, with prejudice, is affirmed. All costs of this appeal are assessed to plaintiff-appellant.

**AFFIRMED.**