NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0758

WILLIE J. KNOX

VERSUS

AMERICAN NATIONAL INSURANCE COMPANY, MARVIN
SCHUYLER AND PROGRESSIVE PALOVERDE INSURANCE
COMPANY

*DATE OF JUDGMENT:*    MAY 09 2024

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 699871, SECTION 24

HONORABLE DONALD R. JOHNSON, JUDGE

* * * * * *

| | |
|---|---|
| Antonio M. "Tony" Clayton<br>Michael P. Fruge'<br>Richard J. Ward, III<br>Michael C. Hendry<br>Brilliant P. Clayton<br>Port Allen, Louisiana | Counsel for Plaintiff-Appellant<br>Willie J. Knox |
| Jay M. Lonero<br>Angie L. Akers<br>Lara J. Jensen<br>Metairie, Louisiana | Counsel for Defendant-Appellee<br>ANPAC Louisiana Insurance<br>Company |

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: **REVERSED.**

**CHUTZ, J.**

Plaintiff, Willie J. Knox, appeals a summary judgment dismissing his claims against defendant, ANPAC Louisiana Insurance Company (ANPAC), on the basis of an insurance policy's auto exclusion. We reverse.

## FACTS AND PROCEDURAL HISTORY

In his petition for damages, plaintiff alleges that while he was stopped at a traffic light at an intersection, his vehicle was rear-ended by a vehicle owned and driven by Schuyler Marvin (Marvin).[1] Plaintiff named as defendants: Marvin; American National Insurance Company, as Marvin's automobile liability insurer; and Progressive Paloverde Insurance Company, as plaintiff's uninsured/underinsured automobile insurer. Plaintiff subsequently filed an amended petition substituting ANPAC as Marvin's automobile liability insurer. Plaintiff filed a second amended petition naming as additional defendants: Marnix, Inc., a corporation providing air conditioning servicing and repairs; and ANPAC, in its capacity as Marnix's commercial liability insurer under Policy No. 1701X1211 (the policy). Therein, plaintiff alleged Marnix was vicariously liable for Marvin's negligence because he was acting as the president of Marnix and/or was within the course of scope of his employment with Marnix at the time of the accident. Thus, plaintiff asserted the policy provided coverage for Marvin's negligence.

After the parties reached a settlement regarding the auto policy, plaintiff dismissed his claims against ANPAC, with prejudice, in its capacity as Marvin's automobile liability insurer. Plaintiff reserved his rights against all other parties, including ANPAC in its capacity as Marnix's commercial liability insurer.

---

[1] Plaintiff incorrectly named Marvin in his petition as "Marvin Schuyler."

Thereafter, plaintiff filed a motion for partial summary judgment on the issue of coverage under the policy, arguing it covered the subject accident. ANPAC filed a cross-motion for summary judgment on the sole basis that the auto exclusion in the policy excluded coverage for the accident. Following a hearing on the motions, the district court took the matter under advisement. The district court subsequently signed a judgment granting ANPAC's motion for summary judgment and dismissing plaintiff's claims against ANPAC, with prejudice, on the basis of the auto exclusion. The judgment also denied plaintiff's motion for summary judgment and designated the judgment as final and appealable. See La. C.C.P. art. 1915(A)(1) & (B)(1). Plaintiff now appeals, arguing in two assignments of error that the district court legally erred in granting summary judgment in ANPAC's favor.

## APPLICABLE LAW

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for summary judgment show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). On appeal, appellate courts review the grant or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. *Ritchey v. State Farm Mutual Automobile Insurance Company*, 17-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 275.

In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. A genuine issue is one as to which reasonable persons could disagree. *Ritchey*, 228 So.3d at 275. All reasonable inferences drawn from the evidence must be construed in

3

favor of the party opposing the motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Wyrick v. Golden Nugget Lake Charles, LLC*, 20-0665 (La. App. 1st Cir. 12/30/20), 317 So.3d 708, 712. The burden of proof rests with the mover. See La. C.C.P. art. 966(D)(1). Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Wyrick*, 317 So.3d at 713.

An insurance policy, as a contract between the parties, should be construed using the general rules of contract interpretation. If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent, and the agreement must be enforced as written. La. C.C. art. 2046; *Savoie v. Anco Insulations, Inc.*, 20-0584 (La. App. 1st Cir. 4/9/21), 322 So.3d 1264, 1266.

An insurer seeking to avoid coverage through summary judgment has the burden of proving a loss falls with a policy exclusion. An exclusionary clause in an insurance policy must be strictly construed in determining its applicability. Nonetheless, an insurance policy, including its exclusions, should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. *Savoie*, 322 So.3d at 1266-67.

## DISCUSSION

Plaintiff argues the district court legally erred in interpreting the policy's auto exclusion to exclude coverage for damages and granting ANPAC's motion for summary judgment on that basis. He argues Marvin is not an *insured* as defined in the policy and points out the auto exclusion applies only to damages arising from the use of an auto owned or operated by an *insured*.

4

Because ANPAC's motion for summary judgment was based on the policy's auto exclusion, the burden of establishing plaintiff's damages fell within the auto exclusion rested on ANPAC. See *Savoie*, 322 So.3d at 1266-67. The policy's auto exclusion is set forth in Section II(B)(1)(g) as follows: "This insurance does not apply to: ... 'bodily injury' or 'property damage" arising out of the ... use of any ... 'auto'[2] ... **owned or operated by ... any insured.**" (Emphasis added.) Accordingly, to establish the auto exclusion was applicable, ANPAC was required to show not only that plaintiff's claimed damages arose from the use of an auto, but that the auto was owned or operated by an insured. Since it is undisputed Marvin both owned and was operating the vehicle in question, ANPAC therefore was required to show he was an insured under the policy in order to prevail.

Marnix is the only named insured under the policy. Because Marnix is a corporation, Section II(C)(1)(d) of the policy provides Marnix's executive officers and directors are also insureds, but only with respect to the performance of their duties as Marnix's officers or directors (*i.e.*, executive duties). Additionally, under Section II(C)(2)(a) of the policy, Marnix's employees "**other than ... 'executive officers'**" are insureds for acts within the scope of their employment or while performing duties related to Marnix's business.[3] (Emphasis added.) Thus, to show Marvin was an insured under the policy, ANPAC was required to establish Marvin either: (1) was an executive officer performing executive duties for Marnix at the

---

[2] Plaintiff alleged Marvin was driving a Chevrolet Silverado when the accident occurred. Such a vehicle meets the policy's definition of an "auto," which defines an "auto" as "[a] land motor vehicle ... designed for travel on public roads."

[3] This court has previously held that executive officers, who work for and are paid by the corporation they work for, generally are considered employees of the corporation for purposes of policy exclusions. See *Savoie*, 322 So.3d at 1268; *Knighten v. Daniell Battery Manufacturing Company, Inc.*, 96-0733 (La. App. 1st Cir. 12/20/96), 688 So.2d 1197, 1200, writ denied, 97-0997 (La. 6/13/97), 695 So.2d 988. These cases are irrelevant herein, however, since the policy definition of an insured employee specifically excludes an executive officer from being considered an insured employee. An insurance policy is a contract between the parties and should be enforced as written when its terms are clear. La. C.C. art. 2046; *Fouquet v. Daiquiris & Creams of Mandeville, L.L.C.*, 10-0233 (La. App. 1st Cir. 9/13/10), 49 So.3d 44, 47.

5

time of the accident; or (2) was an employee, other than an executive officer, acting within the scope of his employment at the time of the accident.

In his second amended petition, plaintiff alleged Marvin, at the time of the accident, "was acting as the president of [Marnix] and/or within the course and scope of his employment with [Marnix] as he is always on call for [Marnix]." Plaintiff further alleged Marnix paid for the vehicle Marvin was driving at the time of the accident, as well as for gas and the insurance covering the vehicle, and was aware Marvin was using the vehicle. For purposes of its motion for summary judgment, ANPAC accepted these allegations as true, arguing the allegations were made in order to qualify Marvin as an insured under the policy. ANPAC further argued that because plaintiff's theory of liability was premised on the use of an auto by an insured, the auto exclusion precluded coverage under the policy.

In support of its motion, ANPAC submitted plaintiff's petition, his amended petition, and his second amended petition, the voluntary motion and order for partial dismissal, and the policy. ANPAC presented no evidence showing what Marvin's executive duties as president of Marnix were or whether he was preforming any such duties when the accident occurred. Instead, ANPAC relied exclusively on plaintiff's allegations to establish Marvin was an "alleged" insured under the policy.

The problem with ANPAC relying solely on plaintiff's allegations to establish Marvin was an insured is that, even accepting plaintiff's allegations as true, they were insufficient to establish Marvin was performing executive duties for Marnix at the time of the accident. Plaintiff made a broad allegation that Marvin was acting as president because he was always on call[4] with Marnix and

---

[4] The mere fact that an employee is "on call" at the time of an accident does not automatically give rise to vicarious liability on the part of the employer. Nevertheless, it does give rise to a question of whether the employee was acting within the scope of his employment at the time in question. *Johnson v. C's Transportation Services., LLC*, 20-0338 (La. App. 1st Cir. 8/4/21), 2021 WL 3418693, at *2 (unpublished).

that Marnix not only paid for Marvin's vehicle but also for the gas and insurance on the vehicle. Nevertheless, these allegations lack any specificity as to what Marvin was doing at the time of the accident, making it impossible to determine whether he was performing any executive duties or acting in furtherance of Marnix's business at the pertinent time.[5]

Under the terms of the policy, an executive officer is an insured for purposes of the auto exclusion only when performing executive duties. In this case, a genuine issue of material fact exists regarding whether Marvin was performing executive duties for Marnix when the accident occurred such that he was an insured under the policy. No evidence was introduced either in support of or in opposition to ANPAC's motion for summary judgment showing what activities Marvin was engaged at the time. ANPAC failed to establish either that Marvin: (1) was an executive officer performing executive duties; or (2) even assuming *arguendo* he was an employee other than an executive officer, he was acting within the scope of his employment for Marnix. Accordingly, ANPAC failed to carry its burden of establishing the auto exclusion was appliable to plaintiff's damages. The auto exclusion applies only to damages arising from the use or operation of an auto by an insured and the evidence submitted in connection with ANPAC's motion for summary judgment was insufficient to establish Marvin was an insured under the

---

[5] In support of his motion for summary judgment, plaintiff introduced excerpts from Marvin's deposition wherein he described his activities on the day of the accident. On appeal, ANPAC makes references to this deposition testimony. We cannot, however, consider Marvin's deposition in connection with ANPAC's motion for summary judgment since it was not filed in support of or in opposition to ANPAC's motion. When ANPAC filed its motion for summary judgment on May 9, 2022, La. C.C.P. art. 966(D)(2) allowed a court to consider only those documents filed in support of or in opposition to the specific motion for summary judgment under consideration. *Huggins v. Amtrust Insurance Company of Kansas, Inc.*, 20-0516 (La. App. 1st Cir. 12/30/20), 319 So.3d 362, 366-67. Although La. C.C.P art. 966(D)(2) was amended by La. Acts 2023, No. 317, § 1 (eff. Aug. 1, 2023) to provide a procedure for reference to documents previously filed into the record, that amendment is substantive and cannot be applied retroactively. *Ricketson v. McKenzie*, 23-0314 (La. App. 1st Cir. 10/4/23), 2023 WL 7037495, at *5 (unpublished).

7

policy. The district court erred in granting summary judgment in ANPAC's favor based on the auto exclusion.[6]

Finally, ANPAC contends it is irrelevant whether Marvin was an employee or executive officer acting within the course and scope of his employment because: (1) if so, Marvin was an insured and the auto exclusion precluded coverage; and (2) if not, Marnix was not vicariously liable for Marvin's negligence and coverage under the policy's insuring agreement was not triggered. Regardless, we are unable to consider this argument because a summary judgment may be affirmed on appeal "only as to those issues set forth in the motion under consideration by the court." La. C.C.P. art. 966(F). ANPAC's motion for summary judgment was not based on there being a lack of coverage because Marvin was uninsured under the policy. To the contrary, the motion for summary judgment was based exclusively on the application of the policy's auto exclusion. Therefore, the applicability of the auto exclusion is the sole matter before this court. *Bryant v. Premium Food Concepts, Inc.*, 16-0770 (La. App. 1st Cir. 4/26/17), 220 So.3d 79, 83, writ denied, 17-0873 (La. 9/29/17), 227 So.3d 288.

## CONCLUSION

For these reasons, we reverse the judgment of the district court granting summary judgment in favor of ANPAC Louisiana Insurance Company and dismissing all of plaintiff's claims against it, with prejudice. All costs of this appeal are assessed to ANPAC.

**REVERSED.**

---

[6] Because we reverse the summary judgment dismissing plaintiff's claims against ANPAC on other grounds, we pretermit consideration of plaintiff's contention that the district court improperly weighed evidence, ignored evidence, and failed to make reasonable inferences in his favor as required for the party opposing summary judgment.

8